**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEONARD HAIRSTON, #0711642<br>　　　　Plaintiff,<br>vs.<br>CLARK COUNTY SHERIFF, *et al.*,<br>　　　　Defendants. | 2:09-cv-00808-PMP-RJJ<br><br>**ORDER** |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the

plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

As an initial matter, on May 25, 2010, the court granted plaintiff's motion to amend his complaint (docket #11). On August 11, 2010 plaintiff filed a document he styled "Amended Complaint" but that is merely a list of purported defendants (docket #15). However, Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). The document that plaintiff filed as an amended complaint is wholly insufficient and is stricken. Accordingly, the operative complaint is docket #7, filed on March 19, 2010.

Plaintiff, who is a pretrial detainee at the Clark County Detention Center ("CCDC"), has sued Clark County Sheriff Doug Gillespie, and, it appears, two state judges and a district attorney, and Does from the Metropolitan police department. Plaintiff appears to challenge his "unlawful detention." For the reasons discussed below, plaintiff's complaint is dismissed.

First, the judges and district attorney named as defendants are immune from suit based on the principles of either absolute or qualified immunity. With respect to judges: "[c]ourts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Will*, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*); *see also Miller v. Davis*, 1142, 1145 (9th Cir. 2008); *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992); *Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987). Judges retain their immunity when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989), and

1 when they are accused of acting in error, *see Meek*, 183 F.3d at 965; *Schucker v. Rockwood*, 846 F.2d
2 1202, 1204 (9th Cir. 1988) (*per curiam*); *Ashelman*, 793 F.2d at 1075.

3 With respect to the district attorney named as defendants: prosecutorial immunity protects
4 eligible government officials when they are acting pursuant to their official role as advocate for the State
5 performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v.*
6 *Pachtman*, 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 124-26 (1997); *Botello*
7 *v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005); *Genzler v. Longanbach*, 410 F.3d 630, 636-37 (9th Cir.
8 2005); *KRL v. Moore*, 384 F.3d 1105, 1110 (9th Cir. 2004); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th
9 Cir. 2003). Prosecutorial immunity does not extend to those actions of a prosecutor that are
10 "administrative" or "investigative" in nature. *See Hartman v. Moore*, 547 U.S. 250, 261-62 n.8 (2006);
11 *Buckley v. Fitzsimmons*, 509 U.S. 259, 271-73 (1993); *Botello*, 413 F.3d at 975-76; *Genzler*, 410 F.3d
12 at 636. State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official
13 capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259,
14 269-70 (1993); *Imbler*, 424 U.S. at 427, 430-31; *Botello*, 413 F.3d at 975; *Genzler*, 410 F.3d at 636;
15 *KRL*, 384 F.3d at 1110; *Broam*, 320 F.3d at 1028. Accordingly, the defendant judges and district
16 attorney are entitled to absolute immunity from this suit.

17 Moreover, regarding plaintiff's allegations that he is unlawfully detained, when a prisoner
18 challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle
19 him to an earlier release, his sole remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475
20 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991); *Heck v.*
21 *Humphrey*, 512 U.S. 477, 487-88 (1994). Plaintiff appears to challenge the fact of his pretrial detention.
22 His sole remedy for such claims is a writ of *habeas corpus*. Accordingly, his claims are subject to
23 dismissal on that basis. The court notes that plaintiff attached a document to his filing at docket #7 that
24 appears to be state criminal court minutes reflecting that his state petition for writ of *habeas corpus* was
25 denied.

26

Because amendment would be futile, the entire complaint is dismissed without leave to amend.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the following motions: motion for Order of Judgement and discharge of unlawful detention (docket #14); motion for Order of Discharge pursuant to violation of speedy trial right (docket #18); motion for review of custody refuse to discharge order for transfer of custody (docket #22) are all **DENIED**.

**IT IS FURTHER ORDERED** that the following documents: amended complaint (docket #15); memorandum re motion for Order of Judgment and discharge of unlawful detention (docket #17); notice of amended violation of 4th Amendment illegal search, seizure, and 5th 14th Amendment failure to produce evidence (docket #19); memorandum to U.S. District Judge Philip M. Pro (docket #20); notice of amended violation of 5 - 14th Amendment vindictive prosecution (docket #21) are all **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

DATED:  September 2, 2010.

PHILIP M. PRO
United States District Judge

5